# EXHIBIT 1

11/27/2019 3:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38860185
By: Joshua Carroll
Filed: 11/27/2019 3:30 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **CEMJ INVESTMENT, INC.** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WESTCHESTER SURPLUS LINES** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendant.* | § | *165* **JUDICIAL DISTRICT** |

---

### PLAINTIFF'S ORIGINAL PETITION

---

COMES NOW, CEMJ Investment, Inc. (hereinafter collectively referred to as "Plaintiff" and/or "CEMJ"), complaining of Westchester Surplus Lines Insurance Company (hereinafter referred to as "Westchester" and/or "Defendant") and respectfully show as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.   This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES

2.    Plaintiff is a domestic Texas corporation.

3.    Defendant Westchester is an insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process through their registered agent, Saverio Rocca, Assistant General Counsel, ACE Group of Insurance Companies, at 436 Walnut Street,

Philadelphia, PA 19106-3703, with further forwarding to Texas Department of Insurance, Texas Commissioner of Insurance, 333 Guadalupe, PO Box 149104, Austin, Texas 78714-9104.

4.     The Clerk is requested to issue Citations.

### III.
### JURISDICTION

5.     Plaintiff seeks monetary relief more than $200,000 but not exceeding $1,000,000.  Such damages sought are within the jurisdictional limits of the court.  Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. § 47.

6.     The court has jurisdiction over Defendant Westchester because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

### IV.
### VENUE

7.     Venue is proper in Harris County, Texas, because the insured property giving rise to this cause of action is situated in Harris County, Texas.  TEX.CIV.PRAC.REM.CODE §15.032.

### V.
### NOTICE AND CONDITIONS PRECEDENT

8.     Defendant has been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages, in the manner and form required pursuant to TEX.INS. CODE § 542A.003. Plaintiff has received a copy of such notice.

9.     All other conditions precedent to suit or payment under the policy have been satisfied by Plaintiff, excused or waived by Defendant, or Plaintiff is excused from performance due to Defendant's prior breach of the policy.

### VI.

## FACTS

10.     Plaintiff is the owner of property located at 3930 Fuqua Street, Houston, Texas 77047 (the "Property"). The Property was insured by insurance policy number D39289945, issued by Defendant Westchester (the "Policy"). Plaintiff is the owner of the Policy.

11.     On or about August 26, 2017, or another time when the Policy was in effect, a severe weather storm, namely Hurricane Harvey, caused substantial damage to the Property and constituted a covered loss under the Policy. Shortly after the storm, Plaintiff made a claim (claim no. KY17K2241096) for the loss (hereinafter referred to as the "Claim"), and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy pursuant to the Claim. After Plaintiff made the Claim, Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Defendant has refused to pay all amounts due and owing under the Policy for the Claim.

12.     Defendant retained an adjuster with McLarens, Inc. to investigate Plaintiff's Claim. Defendant's adjuster failed to conduct a proper investigation of Plaintiff's Claim after becoming aware of the storm-caused damages.  The adjuster failed to properly evaluate or investigate the Claim. Defendant relied on the adjuster's misrepresentations in the denial of Plaintiff's Claim.

13.     Specifically, Defendant's adjuster failed to quantify the full extent of damages at the Property, particularly by omitting wind damages from his report. Defendant grossly undervalued the Property damages which resulted in the improper denial of Plaintiff's Claim.

14.     Defendant's adjuster prepared an estimate which grossly undervalued the full extent of covered losses at the Property and omitted numerous areas of actual damages.

15.     Defendant also retained Madsen Kneppers & Associates, Inc. ("MKA") to investigate the Claim. Defendant initially represented that they retained an engineer with MKA, however, the

---

retained individual did not possess an engineering license but was merely a building consultant. This is an example of Defendant's misrepresentations regarding the investigation, and their failure to retain a qualified consultant like they had represented.

16.     Defendant commonly engages the services of consultants such as MKA due to their favorable results for insurers such as Defendant. Defendant retained MKA for the specific purpose of ensuring their reports pursuant to the Claim were favorable to Defendant.

17.     MKA performed an inadequate investigation of the Claim. MKA inspected the Property on approximately November 15, 2017. During their inspection, the consultant ignored the obvious storm-caused damages at the Property. The Property experienced high wind speeds as a result of Hurricane Harvey, which were acknowledged in MKA's report. Despite the obvious wind damage, the report failed to quantify the impact of the high winds to the Property and roof. The report also failed to acknowledge the storm-created openings in the roof which allowed water intrusion to damage the interior. Instead of acknowledging these damages, MKA misrepresented that the damages at the Property may have been due to aging, deterioration, and other causes. The storm-caused damages were, or should have been, evident to MKA during their investigation but were intentionally ignored. Defendant relied on MKA's misrepresentations in the denial of Plaintiff's Claim.

18.     After the wrongful denial of their Claim, Plaintiff was forced to retain a Public Adjusting firm to assist in the investigation of the Claim.

19.     Defendant's acts and omissions, through their breach of contract, misrepresentations of the covered losses and policy terms, breach of the common law duty of good faith and fair dealing, and violations of the Texas Insurance Code, caused Plaintiff to retain a Public Adjusting firm. Consequently, Plaintiff was forced to relinquish a portion of any subsequent payment on

the Claim in order to retain the services of a Public Adjusting firm. Therefore, Plaintiff is entitled to recover a sum for these direct and foreseeable consequential damages from Defendant's wrongful acts and omissions.

20.     Plaintiff's Public Adjuster inspected the Property and noted numerous areas of storm-caused damages that were omitted from Defendant's prior investigation. Plaintiff's Public Adjuster presented this estimate to Defendant. After Defendant received the estimate evidencing the full extent of covered losses, Defendant ignored this information and failed to perform a proper reinvestigation. Defendant continued to rely on prior misrepresentations about the damages and the Policy terms in the wrongful denial of Plaintiff's Claims.

21.     Further, Defendant delayed the final resolution of the Claim without providing any proper explanation for their delay. Defendant engaged in negotiations with Plaintiff's Public Adjuster and represented that Defendant may accept coverage and may issue some payment, but then later outright denied the Claim without any proper explanation. Defendant's intention was to delay the resolution of the Claim through their deceptive acts.

22.     Defendant has continued to refuse to pay Plaintiff the full amount owed under the Policy for the Claim. Defendant continues to rely on misrepresentations about the damages in the denial of Plaintiff's Claim. Defendant continues to delay the proper resolution of Plaintiff's Claim by refusing to incorporate and acknowledge the covered losses at the Property.

23.     The covered losses at the Property were obvious to Defendant and their consultants from the outset of the investigation. Despite this, Defendant continued to ignore the covered losses and relied on numerous misrepresentations about the covered losses and the Policy terms in an effort to avoid full payment under the Policy. Defendant has since refused to provide any payment for the Claim as owed under the Policy.

24.     As a result of Defendant's acts and omissions. Plaintiff was forced to seek counsel to pursue their rights for the Claim made to Defendant.

25.     Pursuant to the Claim, Defendant misrepresented to Plaintiff that the damage to the Property was below the deductible, and thus not covered under the Policy, even though Property exhibited clear high-wind damage from the reported date of loss. The damage to the Property evidently exceeded the deductible amount, thus, the damage was a covered occurrence. In addition, the damage was covered by a covered cause of loss under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE § 541.060(a)(1).

26.     Defendant failed to make an attempt to settle Plaintiff's Claim in a fair manner, although Defendant was aware of its liability to Plaintiff under the Policy.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE § 541.060(a)(2)(a).

27.     Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement pursuant to the Claim.  Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendant did not provide any adequate explanation for the failure to properly settle Plaintiff's claim.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE § 541.060(a)(3).

28.     Defendant failed to affirm or deny coverage of Plaintiff's Claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE § 541.060(a)(4).

---

29.     Defendant refused to fully compensate Plaintiff, for the Claim under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation.   Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's two losses on the Property.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE § 541.060(a)(7).

30.     Defendant failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's Claim, beginning an investigation of Plaintiff's Claim and requesting all information reasonably necessary to investigate Plaintiff's Claim within the statutorily mandated time of receiving notice of Plaintiff's Claim.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claim. TEX.INS.CODE § 542.055.

31.     Defendant failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE § 542.056.

32.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of the Claim without delay.   Specifically, Defendant has delayed full payment of Plaintiff's Claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE § 541.058.

33.     From and after the time Plaintiff's Claim were presented to Defendant, the liability of Defendant to pay the full Claim in accordance with the terms of the Policy were reasonably

clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

34. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

35. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT WESTCHESTER

36. Defendant Westchester is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

37. Plaintiff reincorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

### A.    Breach of Contract.

38. The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant Westchester. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant's breach proximately caused Plaintiff injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B.    Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

39.     The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

40.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(1).

41.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(2)(A).

42.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

43.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

44.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's Claim without conducting a reasonable investigation, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

45.     Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.   This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

     **C.     Prompt Payment Of Claims Violations.**

46.     The Claim is a claim under an insurance policy with Defendant Westchester of which Plaintiff gave Defendant notice.   Defendant is liable for the Claim.   Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

   a)   Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055. Specifically, Defendant failed to commence a proper investigation of the Claim with qualified consultants, like they had represented. Defendant failed to request the documents and other forms it required to properly adjust Plaintiff's Claim within a reasonable time and manner. Defendant failed to provide a proper acknowledgement of the Claim. Defendant retained biased consultants and adjusters to investigate the Claim with knowledge that their consultants and adjusters would produce favorable results for them to help aid in the denial of Plaintiff's Claim.;

   b)   Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056. Defendant failed to provide Plaintiff with a proper explanation of their Claim decision. Defendant delayed resolution of the Claim without a proper explanation for their delay, and then relied on numerous misrepresentations in the denial of Plaintiff's Claim without a proper explanation for their reasoning behind their denial; and/or by

   c)   Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. To date, Defendant has refused to pay the full amount owed under the Policy for the Claim. Defendant continues to delay full resolution of the Claim by refusing to properly adjust Plaintiff's Claim.

47.     Defendant's violations of these prompt payment of claims provisions of the Texas
Insurance Code are made actionable by TEX.INS.CODE §542.060.

   **D.     Breach Of The Duty Of Good Faith And Fair Dealing.**

48.     Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff
by denying or delaying payment on the Claim when Defendant knew or should have known that
its liability to Plaintiff were reasonably clear.  Defendant's conduct proximately caused Plaintiff
injuries and damages.

## VIII.
## DECLARATORY JUDGMENT/SUIT FOR REFORMATION

49.     Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that
the named insured identified in the Policy is incorrect, that the Plaintiff and Defendant
Westchester intended for the named insured to be CEMJ Investment, Inc., and that the Policy
provides coverage to CEMJ Investment, Inc. for the losses described herein, regardless of the
incorrect entity named in the Policy. There was a meeting of the minds of the parties that the
named insured be CEMJ Investment, Inc., not CEMJ Investments, Inc. There is no entity called
CEMJ Investments, Inc. In fact, when Plaintiff initially became aware of the incorrect entity
name in the Policy, Plaintiff requested to have the Policy name changed to the correct entity.
Defendant Westchester acknowledged such, and returned to Plaintiff a Policy Change
Endorsement, albeit inadvertently failing to correctly name the entity as CEMJ Investment, Inc.
There is no question that the parties intended to use the correct legal name of CEMJ Investment,
Inc. Plaintiff moves to reform the Policy such that the named insured is corrected to be CEMJ
Investment, Inc. Plaintiff does not believe that the reformation is necessary for recovery as
CEMJ Investment, Inc. is the entity that purchased the policy and is the real party in interest.

Plaintiff wishes the misnomer be corrected.

## IX.
## KNOWLEDGE

50.     Each of the Defendant's acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## X.
## DAMAGES

51.     Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

52.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

53.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

54.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, penalty interest per annum (calculated by adding five (5) percent to the current interest rate as determined by the Board of Governors of the Federal Reserve System) of the amount of Plaintiff's claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

55.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty,

such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

56.     Defendant's acts and omissions, through their breach of contract, breach of the common law duty of good faith and fair dealing, and violations of the Texas Insurance Code, caused Plaintiff to retain a Public Adjusting firm and relinquish a portion of any payment made on the Claim for the services provided by the Public Adjusting firm. Therefore, Plaintiff is entitled to recover a sum for these direct and foreseeable consequential damages from Defendant's wrongful acts and omissions.

57.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XI.
## JURY DEMAND

58.     Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XII.
## REQUEST FOR DISCLOSURE

59.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

## XIII.
## PRAYER

60.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties

and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**GREEN & KLEIN**

By:   */s/   Hunter M. Klein*
HUNTER M. KLEIN
State Bar No.: 24082117
klein@greentriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
440 Louisiana St., Suite 1900
Houston, Texas 77002
(713) 654-9222 - Telephone
(713) 654-52155 - Fax